# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CODY ALBRECHT AND MARAH ALBRECHT, AND SUPERSTICK TRANSMISSIONS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| ANDREW REED, AND LONG RANGE GEAR, LLC, | ) ) ) | JURY DEMAND (12) |
| Defendants. | ) ) | |

## VERIFIED COMPLAINT

Plaintiffs, Cody Albrecht and Marah Albrecht, and Superstick LLC, by and through undersigned counsel, hereby file this Verified Complaint for claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress against Defendants, Andrew Reed and Long Range Gear, LLC.

## PARTIES

1. Plaintiffs, CODY ALBRECHT and MARAH ALBRECHT, are citizens of Tennessee. They are self-employed as co-owners of Superstick Transmissions, LLC.

2. Plaintiff, SUPERSTICK TRANSMISSIONS, LLC, is a repair shop in Waverly, Tennessee that specializes in custom diesel transmissions. Plaintiff business is incorporated in Tennessee, and its principal place of business is Tennessee.

3. Defendant, ANDREW REED (hereinafter "Defendant"), is a citizen of Washington. Upon information and belief, Defendant can be served with process at 4510 Springdale Hunters Rd, Springdale, Washington 99173-5125. Defendant is the owner of Long Range

Page 1 of 15

Gear, LLC, a direct competitor to Plaintiffs' business. Defendant is also a content creator and has a YouTube channel (Long Range Gear) where he posts videos about custom diesel transmissions and the transmission industry.

4. Defendant, LONG RANGE GEAR, LLC, is a repair shop in Spokane Valley, Washington that specializes in custom diesel transmissions. Long Range Gear, LLC is incorporated in Washington, and its principal place of business is Washington.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332:

6. Plaintiffs are citizens of Tennessee, and Superstick Transmissions, LLC, is incorporated in Tennessee and maintains its principal place of business in Tennessee.

7. Defendant is a citizen of Washington, and Long Range Gear, LLC, is incorporated in Washington.

8. The amount in controversy exceeds, exclusive of interest and costs, Seventy-Five Thousand Dollars ($75,000).

9. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, as Plaintiffs are citizens of Tennessee, the state in which this judicial district is located, and Plaintiffs reside within this judicial district. Defendants are subject to personal jurisdiction in this judicial district, because they directed their tortious conduct towards Plaintiffs in Tennessee.

## STATEMENT OF FACTS

10. Plaintiffs, Cody and Marah Albrecht, are a married couple who are self-employed as co-owners of Superstick Transmissions, LLC ("Superstick"). Superstick is a reputable dealer of custom automotive parts which specializes in manufacturing, distributing, and rebuilding custom manual transmissions for diesel automotives. Superstick, a limited liability company, is organized under the laws of the State of Tennessee.

11. Plaintiffs focus their careers on serving a worldwide customer base of diesel automotive enthusiasts. Plaintiffs' income is derived from their repair services and sales of custom diesel transmissions, other automotive products, and custom Superstick apparel and merchandise.

12. Plaintiffs became involved with Defendants, Andrew Reed, and his company, Long Range Gear, LLC, in 2023, following an incident with a former customer of Plaintiffs. The Texas-based customer, after working with Plaintiffs, visited Defendant at his shop in Spokane Valley, Washington. The customer would later make a social media post praising Defendant where he said that Defendant took care of an issue with his transmission. The post insinuated that Defendant told this customer that the issue with the transmission was due to deficient work performed by Plaintiffs.

13. Following this incident, Defendant persuaded the users of Dodge Ram NV4500/NV5600 AND G56 Transmissions, an online Facebook group chat that Plaintiffs and Defendants both frequented, to remove Plaintiffs from the group chat. Before being removed, Mr. Albrecht was an administrator of the group chat and used the chat to network with his community and clientele.

14. Plaintiffs would show that following this incident, Defendants began posting comments on their Facebook page which insinuated that the products created by Plaintiffs are of poor and unethical craftsmanship. These comments escalated into a two-year online campaign against Plaintiffs' business, culminating in the eventual publication of a string of defamatory YouTube videos which constitutes the crux of this complaint.

15. Plaintiffs would show that on January 23, 2026, Defendants published multiple videos on Long Range Gear's official YouTube channel, which show Defendants taking apart various custom transmissions, allegedly created by Plaintiffs, and often remarking on the poor quality of the products. Of particular note among these videos is a since-deleted video posted to Long Range Gear's official YouTube channel on January 23, 2026, entitled, "Superstick 'Billet' G56 Teardown Part 4." In this video, Defendants tear apart a transmission that they claim was "purchased from a company called Superstick," and has never been installed in the customer's vehicle, insinuating that it was in the condition it was in when it left Plaintiffs' shop. Upon taking apart the transmission and inspecting its condition, Defendant states, "Holy smokes…this clutch gear is destroyed…these teeth are completely rounded off, like, that's really bad."

16. Plaintiffs would show that the statement claiming the transmission was "purchased from a company called Superstick," is demonstrably false. Plaintiffs did not create nor have they ever worked on the transmission showcased in the January 23, 2026, "Superstick 'Billet' G56 Teardown Part 4," video. Plaintiffs can prove that they were not involved in any way with this transmission in the following ways: Plaintiffs do not use, and have never used, the white lithium assembly grease spoken of in the video; Plaintiffs do not use, and have never used, the specific automatic transmission fluid spoken of in the video;

and Plaintiffs have never created or worked on a transmission with a bare aluminum, red-covered exterior, as is shown in the video.

17. Further, Plaintiffs would show that Defendant did not remove this video from his channel until Plaintiffs confronted Defendant about his misrepresentations. This led to Defendant making a written statement in the Strictly G56 Facebook group. In this statement, Defendant explained that his reasons for removing the video were due to increasing scrutiny over the truth of the transmission's origins. Defendant stated, "Well, in the spirit of objectivity, since a few feel just so strongly about this particular unit potentially not being a  legitimate Superstick built unit, I'll remove it and replace with a few more teardowns and we can argue about those..."

18. Plaintiffs would show that, while active on YouTube, this intentionally false and misleading video damaged their reputation in the diesel transmission community, ability to attract clientele, and ultimately, their revenue.

19. Plaintiffs would further show that on January 23, 2026, Defendants posted a video to Long Range Gear's official YouTube channel titled, "Airing Out Some Industry Drama," in which Defendant addressed the teardown videos in question. In the video, Defendant states that ever since an incident between he and Mr. Albrecht occurred in a Facebook group thread called Strictly G56, Defendant has been videotaping teardowns of Superstick transmissions anytime one comes to his shop. Defendant goes on to state, "[F]or every one of these videos, I verified that I either saw a Superstick invoice, or like some electric copy of it and some correspondence was usually included with that exchange, to prove that, like, this person isn't full of crap." Defendant continued, "[S]o

we filmed every teardown... they are all atrocious, they're so bad." As of this date, this video is still available on Long Range Gear's official YouTube channel.

20. Plaintiffs would show that the statement made in this video pertaining to the verification of invoices is demonstrably false. At no point before, during, or after the January 23, 2026, "Superstick 'Billet' G56 Teardown Part 4" video did Defendant receive an invoice, electronic copy of an invoice, or similar proof of association between the showcased transmission and Plaintiffs or their business.

21. Lastly, Plaintiffs would show that immediately following Defendants' posting of the videos in question, Defendants have made harmful insinuations about Plaintiffs' character throughout the diesel transmission community. Namely, Defendants seem to insinuate that Mr. Albrecht engaged in perverse or lude behavior at a hotel room in Texas while traveling for business.

22. In particular, in the comment section of the January 23, 2026, "Airing Out Some Industry Drama" video, Defendants posted a comment from their official account which reads in part, "I'm sure I'll lose plenty of supporters over all this, but if I stop a handful of folks from being victimized by you, then the price is paid with great joy. Those are called principals Cody. Try em out. Those pesky principals might put a stop to some of your hotel room antics though. Did you know I still hold mandatory reporter status? Hmm...the future looks bleak for you bud."

23. Additionally, on January 23, 2026, Defendants made a comment on Facebook directed at Mr. Albrecht in which he stated in part, "Oddly enough, more than a couple people hopped RIGHT into my DM's with a few stories about you in Texas. Something about how you ruined an after-dyno-party and there's some concerning screenshots involved.

Some shit about a hotel offer, seemed kinda extremely fucking gross. If you wanna keep that in north Texas, I suggest you stay as far away from LRG, keep our name outta your god damn disgusting mouth, a [sic] quietly go away."

24. Defendants have gestured on numerous occasions to these alleged hotel room incidents without showing any of the alleged proof they are in possession of to verify the ambiguous insinuations present in these statements.

25. Plaintiffs would show that these deliberately misleading statements made by Defendants have affected their ability to attract clientele and damaged their reputation in the diesel transmissions community.

26. Since Defendants published these harmful statements and disseminated or caused them to be disseminated for public consumption, Plaintiffs would show that they have received numerous calls from concerned customers and numerous resentful personal messages through social media which have harmed them financially, upset them greatly, and caused them emotional distress. Several of these phone calls were in connection to the G56 Teardown Pt. 4" video. In fact, while it was active, there were comments by various users in the comment section of this video, and are comments still posted in the comment section of Defendants' other January 23, 2026 videos which indicate that several potential customers were dissuaded from requesting Superstick's services after watching the videos in question.

27. Plaintiffs would further show that Defendants' teardown videos have caused extreme damage to the reputation of Plaintiffs' business, as the videos are some of the first results when someone searches for their business online. Additionally, in the comment sections

of Defendant's YouTube videos, many users, including Defendant, make negative remarks about Plaintiffs' character and business.

28. Plaintiffs' reputations and earnings have already been significantly damaged by Defendant's defamation of their character, professionalism, and craftsmanship, and the damage to Plaintiffs' reputations has diminished their future earning capacity.

## CAUSES OF ACTION

## COUNT I: DEFAMATION

29. Plaintiffs incorporate each of the preceding paragraphs (1-28) as if each is fully set forth herein.

30. Defendants repeatedly and knowingly published false statements about Plaintiffs and Plaintiffs' supposed involvement in the creation of poorly crafted diesel transmissions. These statements include, but are not limited to:

    a. Defendants' statement that the transmission showcased in the video posted to Long Range Gear's YouTube channel on January 23, 2026, entitled, "Superstick 'Billet' G56 Teardown Part 4," was "purchased from a company called Superstick."

    b. Defendants' statement alleging that any time they tore down a transmission created by Plaintiffs on video they verified that they, "either saw a Superstick invoice, or like some electric copy of it."

31. Defendants published or caused these statements to be published to Long Range Gear's official YouTube channel, which has caused the statements to circulate in the niche diesel transmission community Plaintiffs rely on for their customer base, thereby damaging Plaintiffs' reputation, business, and standing within the community.

32. Defendants' statements about Plaintiffs were made with knowledge that the statements were false or with reckless disregard for the truth.

33. As a direct and proximate result of Defendants' false and defamatory statements, Plaintiffs have suffered a tremendous loss in professional cultivation and reputational standing, annual profits, decreased future earning power, and serious mental and emotional injury in the form of extreme public embarrassment, stress, and anxiety.

34. Defendants' defamatory statements have caused severe mental anguish to Plaintiffs.

35. Defendants' defamatory statements have damaged Plaintiffs' personal and professional reputation. Plaintiffs have suffered damages, and Defendants should be held liable.

**COUNT II: FALSE LIGHT INVASION OF PRIVACY**

36. Plaintiffs incorporate each of the preceding paragraphs (1-28) as if each is fully set forth herein.

37. Defendants' statements regarding Plaintiffs would be highly offensive to a reasonable person, particularly the targeted campaign to attack Plaintiffs professionally and personally by repeatedly insinuating that Plaintiffs are responsible for poorly created products, when in fact they did not work on these products in any way.

38. Beginning with Defendants' initial statements made during various teardown videos on Long Range Gear's official YouTube channel and the "Airing Out Some Industry Drama," video from January 23, 2026, to the vague and unsubstantiated insinuations that Plaintiffs engaged in perverse or lude behavior in a hotel room, Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized materials and the false light in which Plaintiffs would be placed.

39. For the aforementioned reasons, Defendants' statements constitute discrete and selective presentations of information that are susceptible to inferences casting Plaintiffs and their business in a false light.

40. As a result of Defendants' actions, Defendants' statements regarding Plaintiffs and their business have been widely disseminated to many members of the diesel transmissions community and many members of Plaintiffs' customer base.

41. Plaintiffs have suffered damages as a result of Defendants' false light invasion of privacy against Plaintiffs, and Defendants should be held liable.

<u>COUNT III:</u> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs incorporate each of the preceding paragraphs (1-28) as if each is fully set forth herein.

43. The actions of Defendants in orchestrating and propagating an intentional, coordinated, and malicious campaign to defame Plaintiffs and cast Plaintiffs in a false light before the diesel transmission community and the public at large have been designed to intentionally inflict mental anguish and severe emotional distress upon Plaintiffs, as well as tarnish Plaintiffs' reputation within the diesel transmission community and jeopardize Plaintiffs' future earning capacity, through the publication of false and highly offensive material on Long Range Gear's official YouTube channel.

44. Defendants' conduct in orchestrating and carrying out his malicious campaign against Plaintiffs is so extreme and outrageous that it is not tolerated by civilized society.

45. As a result of Defendants' conduct in defaming Plaintiffs and casting Plaintiffs in a false light before the diesel transmission community and the public at large, Plaintiffs have

suffered serious mental injury and emotional distress, and Defendants should be held liable.

## **PUNITIVE DAMAGES**

46. Plaintiffs incorporate each of the preceding paragraphs (1-28) as if each is fully set forth herein.

47. Defendants have acted maliciously, intentionally, fraudulently, or recklessly by attempting to ruin Plaintiffs' personsal and professional reputations through a calculated public smear campaign.

48. Defendants' actions in repeatedly uttering false and offensive defamatory comments about Plaintiffs on several different occasions show a consistent pattern of intentional and malicious acts continuing to the present.

49. At the very least, Defendants' actions constitute reckless conduct in that Defendants should have known that there was no factual basis for most, if not all, of the statements made by Defendants.

50. As a result of Defendants' malicious, intentional, fraudulent, or reckless action, Plaintiffs are entitled to punitive damages equal to the greater of two (2) times the total amount of compensatory damages awarded or Five Hundred Thousand ($500,000.00) Dollars.

**PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF TWELVE (12) ON ALL ISSUES SO TRIABLE.**

## **PRAYER FOR RELIEF**

**WHEREFORE,** PREMISES CONSIDERED, Plaintiffs respectfully request the following relief:

1.  That proper process issue and be served on Defendants, and that Defendants be required to answer this Verified Complaint within the time required by law;

2.  That Plaintiffs be allowed to amend this Verified Complaint as justice requires or as this lawsuit progresses and more evidence is procured in the discovery process;

3.  That Plaintiffs be awarded judgment in their favor on all accounts of this Verified Complaint in such sums that shall be determined to fully and fairly compensate Plaintiffs for all general, special, incidental, and consequential damage incurred, or to be incurred, by Plaintiffs, but in no event an amount less than Seven Hundred Fifty Thousand ($750,000.00) Dollars;

4.  That Plaintiffs be awarded punitive damages against Defendants upon an evidentiary showing of Plaintiffs' entitlement to the same;

5.  That Plaintiffs be awarded pre- and post-judgment interest;

6.  That Plaintiffs be awarded a trial by a jury of twelve (12), pursuant to Rule 38 of the Federal Rule of Civil Procedure, on all issues so triable;

7.  That costs, including court costs, be assessed against Defendants; and

8.  That Plaintiffs be awarded any further and general relief deemed appropriate by this Court.

Respectfully submitted,

/s Andrew P. Goldstein

**Andrew Goldstein, Esq., BPR # 037042**
**Jesse Gervasio, Esq., BPR # 043912**
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Telephone: (615) 490-6020
Fax: (615) 942-5914
agoldstein@colelawgrouppc.com
jgervasio@colelawgrouppc.com
*Attorneys for Plaintiffs*

[VERIFICATION PAGES TO FOLLOW]

Page 13 of 15

# VERIFICATION

**STATE OF** *Tennessee* )
**COUNTY OF** *Benton* )

    I, CODY ALBRECHT, being first duly sworn according to law, make oath that I have read the foregoing Verified Complaint, know the contents thereof, and that the same is true and correct to the best of my personal knowledge, information and belief.

                              _____
                              Cody Albrecht

SWORN TO AND SUBSCRIBED before me this the \_\_15\_\_ day of \_\_July\_\_ 2026.

                                *Makisha Holland*
                              NOTARY PUBLIC

My Commission Expires: \_\_*Feb 28, 2027*\_\_



MAKISHA L. HOLLAND
STATE OF TENNESSEE NOTARY PUBLIC
BENTON COUNTY
My Commission Expires Feb. 28, 2027

Page 14 of 15

Case 3:26-cv-00991   Document 1   Filed 07/16/26   Page 14 of 15 PageID #: 14

## <u>VERIFICATION</u>

**STATE OF** _Tennessee_ )
**COUNTY OF** _Benton_ )

    I, MARAH ALBRECHT, being first duly sworn according to law, make oath that I have read the foregoing Verified Complaint, know the contents thereof, and that the same is true and correct to the best of my personal knowledge, information and belief.

_____
Marah Albrecht

SWORN TO AND SUBSCRIBED before me this the _15_ day of _July_ 2026.

_____
NOTARY PUBLIC

My Commission Expires: _Feb 28, 2027_



My Commission Expires Feb. 28, 2027

Page 15 of 15